d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PENNY HAYES, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00494 |
| VERSUS | DISTRICT JUDGE JOSEPH |
| OUTBACK STEAKHOUSE OF FLORIDA, L.L.C., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Plaintiff Penny Hayes ("Hayes") filed a Motion to Remand (ECF No. 9). Defendant Outback Steakhouse of Florida, L.L.C. ("Outback") contends Defendant Landon Fortson ("Fortson") was improperly joined, and that this Court has diversity jurisdiction. The Court agrees. Therefore, the Motion to Remand should be DENIED.

I.  Background

Plaintiff Hayes filed a Petition against Defendants Outback and Fortson in the 9th Judicial District Court in Rapides Parish, Louisiana. ECF No. 1-1. Hayes alleges that, while a patron at the Outback Steakhouse in Alexandria, Louisiana (Outback # 1971), she slipped and fell on a slick floor in the dining area. ECF No. 1-1 at 2. Hayes contends Fortson was employed by Outback and was the manager on duty at the Outback #1971 when she fell. Hayes alleges Outback and Fortson are liable in negligence under Louisiana state law for her injuries, and seeks general and specific damages and a jury trial. ECF No. 1-1 at 2-3.

Defendants removed, alleging diversity. Defendants contend that Outback's sole member is OSI Restaurant Partners, L.L.C.. Defendants do not allege the names or citizenships of the members of OSI Restaurant Partners, L.L.C., but assert that its members are all non-citizens of Louisiana.[1] ECF No. 1 at 3. Defendants also assert that Hayes is a citizen of Louisiana. ECF No. 1 at 3.

Defendants contend that, although Fortson is a citizen of Louisiana, he is improperly or fraudulently joined. ECF No. 1 at 4.

Defendants answered the Complaint and requested a jury. ECF No. 12.

Hayes filed a Motion to Remand, arguing a store manager may be individually sued under Louisiana law. ECF Nos. 9, 15. Outback opposes that Motion. ECF No. 13.

## II. Law and Analysis

### A. Subject matter jurisdiction based on diversity.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal

---

[1] This Court has previously found the sole member of OSI Restaurant partners, L.L.C. is OSI Hold Co., Inc., a Delaware corporation with its principal place of business in Florida. *See Thomason v. Outback Steakhouse of Florida, L.L.C.*, 2019 WL 3526839, at *1 n.1 (W.D. La. 2019), *report and recommendation adopted*, 2020 WL 882045 (W.D. La. 2020); *see also Deal v. Outback Steakhouse of Florida, L.L.C.,* 2020 WL 1272628, at *7 (W.D. La. 2020), *report and recommendation adopted,* 2020 WL 1287730 (W.D. La. 2020).

2

court. *See Coury*, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Thus, Defendants have the burden of proving this Court has diversity jurisdiction.

The diversity statute permits federal district court jurisdiction over suits for more than $75,000 between citizens of different states. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman North America, Inc.*, 64 Fed. Appx. 416, *1 (5th Cir. 2003). Subject matter jurisdiction must exist at the time of removal, based on the allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Dir. 1998).

Remand is proper if at any time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. *See Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 281–82 (5th Cir. 2007).

  B. <u>Improper Joinder</u>

To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

3

against the non-diverse party in state court. *See Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

The defendants rely on the second prong in this case. The threshold question is whether there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. The burden of proof is on the removing party. *See Gasch*, 491 F.3d at 281. In deciding whether a party was improperly joined, a court resolves all contested factual issues and ambiguities of state law in favor of the plaintiff. *See Gasch*, 491 F.3d at 281.

A court may predict whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005). First, a court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.[2] *See Smallwood*, 385 F.3d at 573. In reviewing a claim for improper joinder, all factual allegations are evaluated in the light most

---

[2] Pursuant to Fed. R. Civ. P. rule 12(b)(6), "a complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

favorable to the plaintiff, with all contested issues of substantive fact resolved in plaintiff's favor. *See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005); *see also McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (the district court must take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff).

A court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that it might do so. *See Guillory*, 434 F.3d at 309. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *See Smallwood*, 385 F.3d at 573.

Alternatively, in cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *See Smallwood*, 385 F.3d at 573.

A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *See Smallwood*, 385 F.3d at 574. "[A]ny piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. . . . [T]he inability to make the requisite decision

5

in a summary manner itself points to an inability of the removing party to carry its burden." *See Smallwood*, 385 F.3d at 574.

> C. **Outback failed to carry its burden of proving Hayes has no reasonable possibility of recovery against Fortson.**

Hayes contends that, under Louisiana law, Fortson may be individually liable or solidarily liable with his employer, Outback, pursuant to La. C.C. art. 2315, citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973) (superseded on other grounds by statute, La. R.S. § 23:1032).

Hayes alleges Fortson was the manager on duty when she slipped and fell on a slick floor in the dining area at Outback #1971. ECF No. 1-1 at 2. Hayes contends Outback employees, including Fortson, were aware the floor was slippery where she fell because other employees told Hayes she was not the first person to have slipped there, and that "management" had been made aware of the problem. ECF No. 1-1 at 2. Thus, Hayes contends Fortson (and Outback) had actual or constructive notice of the hazardous condition. ECF No. 1-1 at 2.

Hayes contends that, under La. C.C. arts. 2315, 2316, and 2320, Fortson can be held liable for her injuries. Hayes also contends that Outback has failed to submit any affidavits or other evidence to support its allegation of improper joinder. ECF No. 15.

Outback argues that Fortson cannot be held liable under a theory of general administrative responsibility as a manager. ECF No. 13.

La. R.S. 9:2800.6 provides for the general duty and liability of a merchant for the condition of its aisles, passageways, and floors. *See Littleton v. Wal-Mart Stores, Inc.*, 99-390 (La. App. 3 Cir. 12/1/99), 747 So.2d 701, 703, *writ den.*, 2000-0804 (La. 5/5/00), 761 So.2d 546. "Most of the jurisprudence regarding merchant liability in the area of slip or trip and fall involves a hazard caused by spilled liquid or an item such as a box temporarily present in an aisle." LSA-R.S. 9:2800.6 applies to those cases. . . ."[3] *Crooks v. National Union Fire Insurance Co.*, 620 So. 2d 421,

---

[3] La. R.S. 9:2800.6, Burden of proof in claims against merchants:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
> > (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless

424 (La. App. 3d Cir. 1993), *writs den.*, 629 So.2d 391, 392 (La. 1993). "The statute is aimed at 'slip and fall' or 'trip and fall' cases. It is meant to apply to customers falling in stores. . . ." *Littleton*, 747 So. 2d at 703.

But, if a customer slips or trips and falls because of the direct and simultaneous negligence of a store employee, the burden of proof under ordinary negligence principles is applicable to the employee, and not the burden of proof under La. R.S. 9:2800.6. *See Littleton*, 747 So.2d at 703 (citing *Frelow v. St. Paul Fire & Marine Ins. Co.,* 93-759 (La. App. 3 Cir. 2/2/94), 631 So.2d 632, 635); *Crooks,* 620 So.2d at 424). Article 2315, Article 2317.1, and *Canter* all establish negligence standards, and the threshold question in any negligence inquiry is whether the defendant owed the plaintiff a duty. *See Gros v. Warren Properties, Inc.*, 2012 WL 5906724, at *6 (E.D. La. 2012).

Thus, under Louisiana law, an individual employee will be liable to a third person if the plaintiff can prove that the employee breached a personal duty to that third person. *See Canter*, 283 So. 2d at 721. In *Canter v. Koehring Co.,* the

---

it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

Louisiana Supreme Court established a test to determine if the non-diverse defendant owes such a duty to the plaintiff. *Id.* A court will find such a duty exists if all of the following elements are met:

(1) The principal or employer [owes] a duty of care to the customer;

(2) This duty [is] delegated by the principal or employer to the employee in question; and

(3) The employee breached this duty through his own personal fault.

Under *Canter,* the employee's duty is the result of the employer's delegation of a duty. *See Gros*, 2012 WL 5906724, at *6. The four-part test articulated in *Canter,* 283 So.2d at 721-23, is used to determine whether an employee is individually liable to third persons, even if they are not co-employees. *See Anderson v. Georgia Gulf Lake Charles, L.L.C.*, 342 Fed. Appx. 911, 916 (5th Cir. 2009) (citing *In re 1994 Exxon Chemical Fire,* 558 F.3d 378, 386 (5th Cir. 2009)).

Canter requires that four elements be satisfied before personal liability may be imposed under these circumstances:

1. The principal or employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be

    due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*See Anderson*, 342 Fed. Appx. at 916 (*citing Canter,* 283 So.2d at 721).[4]

Personal liability is not imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee. *See West v. Home Depot U.S.A., Inc.*, 2021 WL 4622213, at *3 (E.D. La. 2021) (citing *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995); *see also Canter*, 283 So. 2d at 721. A store manager cannot be held personally liable for an incident if the store manager was off-duty on

---

[4] "A condition is hazardous when it presents an unreasonable risk of harm to customers under the circumstances. In a slip and fall case, a hazard is established when the fall results from a foreign substance on a floor or an unreasonably slippery condition." *Burnett v. M & E Food Mart, Inc. No. 2*, 2000-350 (La. App. 3 Cir. 11/15/00), 772 So.2d 393, 396, *writ den.,* 2000-3425 (La. 2/16/01), 786 So.2d 101 (*citing Ward v. ITT Specialty Risk Services, Inc.*, 31,900 (La. App. 2d Cir. 6/16/99), 739 So.2d 251 *writ den.,* 99-C-2690 (La. 11/24/99), 750 So. 2d 987).

the date in question. *See West,* 2021 WL 4622213, at *3. Thus, retail store and restaurant managers are not personally liable for a customer's injury on a store premises when the manager was off-duty and had no connection to the accident other than general managerial responsibilities. *See West,* 2021 WL 4622213, at *3; *Watson v. Daniel,* 2015 WL 737650, at *4 (W.D. La. 2015), *report and recommendation adopted sub nom. Walton v. Daniel,* 2015 WL 737048 (W.D. La. 2015).

In this case, Hayes alleges that, when she fell, the Outback employees who checked on her informed her that "management" had been advised of the problem posed by the slippery floor because several other people had already slipped and fallen in the same place. ECF No. 1-1 at ¶¶ 5, 6, 9, 12. Hayes subsequently identified Fortson as the manager who was working the day she slipped and fell. ECF No. 1-1 at ¶¶ 5, 6, 12. Hayes alleges in her Complaint that "Landon Fortson was acting in a management capacity on January 18, 2021, and therefore had the responsibility of directing other employees of outback Steakhouse of Florida, L.L.C. to maintain the restaurant premises in a reasonably safe condition, and failed to do so." ECF No. 101, ¶ 12. Thus, Hayes alleges that Fortson had actual knowledge of the dangerous condition of the floor before she fell and failed to remedy it. ECF No. 1-1 at ¶¶ 9, 10.

In their Answer, Outback denied the allegations that Fortson was employed as a manager and denied that he was on duty the day of Hayes's accident. ECF No.

12, ¶¶ 5, 6, 9, 12. However, in its brief, Outback describes Fortson as a "kitchen manager," with no explanation of the scope of his duties or responsibilities, and did not argue that Fortson was not working on the date of Hayes's accident. ECF No. 13 at 1. Instead, Outback only argues that Fortson cannot be held liable solely on the basis of general managerial responsibilities and that Hayes has not demonstrated with specificity that Fortson breached a personal duty to her. ECF No. 1-1 at 4-5.

Hayes's allegations fall short of the *Canter* requirements in several respects. First, while the Court accepts Plaintiff's allegations as true, and while outback failed to argue Fortson was present on the date of Hayes's accident *in briefing*, Outback's averment to the contrary was not withdrawn of conceded. The record is not clear as to whether Outback concedes Fortson *was* present.

Nevertheless, Hayes's allegations do not satisfy *Canter's* last three elements. Hayes essentially claims that Fortson was on duty as "a manager," and that employees claimed that "management" had been informed of the spill. As the Court has previously held, "allegations that an officer had general safety responsibilities are not sufficient. Rather, a plaintiff must show that the officer owed a 'specific duty' to the third party or that the officer breached some duty that 'proximately caused' the third party's injury." *See, e.g., Whitehead v. International Paper Co.,* 2016 WL 6272456, at *2 (W.D. La. 2016), *report and recommendation adopted,*

2016 WL 6261076 (W.D. La. 2016). Some "personal contact" and "responsibility towards" the injured party are required to imposed personal liability. *See id.*

Even accepting Hayes's contested allegation that Fortson was present as true, Hayes's claims – generally – that "management should have directed other employees to clean the spill as a safety hazard. Hayes does not claim that Fortson was delegated the specific duty of addressing the hazard (the spill_; was personally aware of the spill (rather than presumably aware), as "management" on duty; or was personally responsible for the failure to clean the spill.[5] *See, e.g., Newcomb v. DG Louisiana, L.L.C.,* 2017 WL 5615944, at *3-4 (W.D. La. 2017); *Weeks v. Freds Stores of Tennessee Inc.,* 2016 WL 2969614, at *3 (W.D. La. 2016), *report and recommendation adopted,* 2016 WL 2978626 (W.D. La. 2016).

Instead, Hayes has alleged that "management" – which included Fortson – may have had actual knowledge of the spill, and may have failed to address it. Actual knowledge on someone's part could certainly be relevant. Allegations that Fortson had actual knowledge could buttress Hayes's allegations regarding the third *Canter* element – personal fault. Hayes's allegations simply do not go that fa. Actual knowledge on *someone's* part could also be relevant to the ultimate issue of

---

[5] If Fortson was indeed a "kitchen manager" – as Outback argues – he may have had no responsibility to clean spills, or to direct others to do so, at all. It is precisely this type of ambiguity that must be addressed under *Canter.*

13

liability in the case. But as to improper joinder, again, this averment falls short of the required mark.

Outback maintains – and the Court agrees – that Hayes has not adequately alleged that Fortson personally breached a delegated duty to Hayes under theses circumstances. Therefore, remand is unwarranted.

### III.   Conclusion

Based on the foregoing, IT IS RECOMMENDED that Hayes's Motion to Remand (ECF No. 9) be DENIED.

IT IS FURTHER RECOMMENDED that all claims against Fortson, and Fortson as a party, be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen

(14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this __17th__ day of March 2023.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge