UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PENNY HAYES** | **CIVIL DOCKET NO. 1:22-CV-00494** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **OUTBACK STEAKHOUSE OF FLORIDA, L.L.C. ET AL.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendants, Outback Steakhouse of Florida, L.L.C. and Landen Fortson ("Defendants"). [Doc. 32]. For the following reasons, the Defendants' Motion is GRANTED.

### BACKGROUND

On January 3, 2022, plaintiff Penny Hayes ("Plaintiff" or "Hayes") filed suit in the 9th Judicial District Court for Rapides Parish alleging that on or about January 18, 2021, she slipped and fell while walking from the bathroom to her table at the Outback Steakhouse restaurant ("Outback") in Alexandria, Louisiana. [Doc. 1-3, pp. 1–3]. Hayes claims that her foot slipped on the "slick surface of the dining room floor," causing her to fall to the floor and sustain injury. [Doc. 1, p. 2]. Defendants removed this matter to this Court on February 18, 2022, invoking the Court's diversity jurisdiction pursuant to 18 U.S.C. § 1332. [Docs. 1 and 4]. On August 2, 2023, Defendants filed a Motion for Summary Judgment, which was opposed by the Plaintiff on September 17, 2023. [Docs. 32, 39]. Pursuant to Plaintiff's request and

over Defendants' objection, the Court granted Plaintiff an additional 60 days to complete discovery and file a supplemental response to the Motion for Summary Judgment. [Docs. 38, 40, 41, 43]. Despite the Court's grant of additional time for discovery and leave to supplement her response to the summary judgment motion, Plaintiff failed to file additional briefing or supplement the record with any additional evidence. The Motion is therefore ripe for ruling.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

## LAW AND ANALYSIS

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, Defendants' liability for Plaintiff's accident and resulting injury is governed by the Louisiana Merchant Liability Act, La. R.S. § 9:2800.6 (the "LMLA"). The LMLA imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. § 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving his or her claim that the defendant(s) were negligent and that:

1) The condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care.

La. R.S. § 9:2800.6(B).

Importantly, each of these three elements of the LMLA must be proven by the plaintiff, and the failure to prove any is fatal to the plaintiff's cause of action. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1086 (La. 1997). Indeed, "[t]he burden of proof does not shift to the defendant at any point…" *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081); *Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed. Appx. 458, 460 (5th Cir. 2012). The Fifth Circuit has observed that the LMLA "'places a heavy burden of proof on plaintiffs' in slip and fall cases." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)). A plaintiff cannot meet this burden through mere speculation. *See Bearb v. Wal-Mart Louisiana Liab. Corp.*, 534 F.App'x 264, 265 (5th Cir 2013) (affirming grant of summary judgment where plaintiff "offer[s] only speculation … [that] Wal-Mart created the condition because it resulted from either a leaking skylight or wet shopping carts").

Defendants contend in their Motion that Plaintiff has not adduced any evidence establishing the essential elements of her claim under the LMLA. [Doc. 32]. In particular, Defendants assert that Plaintiff provides no substantiating evidence

that Defendants either created the allegedly hazardous condition or had actual or constructive notice of the condition and failed to exercise reasonable care.

When a claimant relies upon constructive notice under 9:2800.6(B)(2), she must come forward with positive evidence showing the condition existed for some period of time, and that the time period was sufficient to put the merchant defendant on notice of its existence. *White*, 699 So.2d at 1082. Importantly, "the statute does not allow for the inference of constructive notice," absent some showing of the existence of the condition prior to plaintiff's fall. *Id.* at 1084; *see also Leger v. Wal-Mart La., LLC*, 343 F. App'x 953, 954 (5th Cir. 2009) (holding that the plaintiff must make a "positive showing of the existence of the condition" for some time period "prior to the fall"). "'Mere speculation or suggestion' is not sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Allen v. Wal–Mart Stores, Inc.*, 850 So.2d 895, 898–99 (La. App. 2d Cir.2003). "[C]ourts will not infer constructive notice ... where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id.* (quoting *Allen*, 850 So. 2d at 898-99). Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is a fact question; however, the plaintiff still must meet the prerequisite showing of some time period existing before the fall. *White*, 699 So.2d at 1084.

Here, other than Plaintiff's own deposition testimony, Plaintiff presents no evidence that grease or any other substance was on the floor. In her deposition, Plaintiff stated that she did not notice anything on the floor until she "was walking,

and [she] slipped, it felt like something was between [her] shoe and the top of the floor. Like a substance, like a film or something like that." [Doc. 39-6, p. 37]. She stated that the substance smelled like grease.[1] [*Id.* at p. 38]. However, Plaintiff provides no evidence corroborating her speculation that there was grease on the floor – much less how it came to be on the floor or how long it had been there.[2] Instead Plaintiff merely asserts that the hardwood floors themselves, which she alleges were original to the establishment[3], posed an unreasonably slippery and dangerous condition.

In support of her argument, Plaintiff points to a number of slip and fall cases filed in state court in which the Alexandria Outback restaurant is named as a defendant as well as Outback's own records of slip and fall incidents in that restaurant. Plaintiff then argues that the sheer number of incidents indicate that Defendants had constructive or even actual knowledge of the unreasonably slippery

---

[1] In the deposition of Landen Fortson, the Manager of Outback at the time of Plaintiff's fall, Fortson admits that the restaurant fries a number of foods and that a grease spill or other spill could cause the restaurant's hardwood floors to be slippery. [Doc. 32-7, p. 66]. But Louisiana restaurants are not charged with constructive notice of potentially slippery floors merely by the nature of the food that they sell. *See Richard v. Liberty Mut. Ins. Co.*, 123 So. 3d 345 (La. Ct. App. 3d Cir. 2013).

[2] Plaintiff failed to depose a young female employee who allegedly saw the fall and acknowledged the slippery state of the floor. [*See* Doc. 39-6, p. 37]. Additionally, no available surveillance footage in the area in which Plaintiff fell exists. [*See* Doc. 32-7, p. 26].

[3] Plaintiff does not cite support for this assertion within her Opposition. In his deposition, Landen Fortson attests that the flooring at the time of Plaintiff's incident was the original flooring since the time Outback employed him. [Doc. 32-7, p. 32]. He worked at that Outback location for a total of five years. [*Id.* at p. 8].

condition of the floors.[4]  However, the proffered records lack sufficient detail to establish any pattern or commonality with respect to the causation of these falls and – despite the Court granting her time and leave to do so – Plaintiff conducted no additional discovery to investigate these past claims.[5]

All told, Plaintiff fails to submit any witness testimony or other positive evidence that the floors at Outback are unreasonably slippery. She instead rests on speculative allegations that the hardwood floor itself presented an unreasonably dangerous condition. This is insufficient under Louisiana law. *See Richard v. Liberty Mut. Ins. Co.*, 123 So.3d 345, 348 (La. App. 3 Cir. 2013) (finding no merit to plaintiff's claim, where plaintiff "contends that Popeye's created the condition by installing dangerously slippery tile," but "submitted only speculation and unsupported allegations, not evidence, that the tile was somehow inappropriate for use in restaurant floors").

Ultimately, Plaintiff fails to proffer evidence to create a genuine dispute of material fact as to whether Defendants caused or had actual or constructive notice of the allegedly hazardous condition. This is fatal to her claim. Because the evidence in the record is insufficient with respect to an essential element of the Plaintiff's

---

[4]   Plaintiff submitted Outback's records of past slip in falls since December 26, 2011, which listed thirty-one slip and fall incidents. [Doc 39-2, pp. 1-3].

[5]   Plaintiff also attaches five state court petitions to buttress her claim. [Doc. 39-1]. The claimants in these cases allege either falling on a "foreign substance," "wet" or "slippery" floor, or "slippery substance." [*See Id.*] Regardless, without more information regarding these claimants and their cases, this is insufficient evidence to create a genuine dispute of material fact that Outback had actual or constructive notice about the condition of the floors themselves.

claim, the Court need not analyze the first and third prongs of the LMLA to enter summary judgment. *Peterson v. Brookshire Grocery Company*, 751 Fed. App'x. 533, 538 (5th Cir. 2018).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [Doc. 32] is GRANTED.

IT IS FURTHER ORDERED that all claims asserted by Plaintiff against Outback Steakhouse of Florida LLC are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 30th day of November 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE